UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AHMAD RAHEEM MUHAMMAD                    CIVIL ACTION

VERSUS                                   NO: 09-3431

LOUISIANA ATTORNEY                       SECTION: R
DISCIPLINARY BOARD, ET AL.


**ORDER AND REASONS**

Before the Court is Ahmad Raheem Muhammad's motion for a temporary restraining order. (R. Doc. 3). Because the Court finds that it does not have removal jurisdiction over this action, the Court will not consider the merits of respondent's petition for a temporary restraining order.

The Office of Disciplinary Counsel and the Louisiana Attorney Disciplinary Board instituted disciplinary proceedings against Ahmad Muhammad, an attorney admitted to practice in Louisiana. Respondent removed the action to federal court, invoking the court's jurisdiction under 28 U.S.C. § 1443. Respondent claims that the disciplinary proceedings against him

are in violation of his Equal Protection and Due Process Rights under the United States Constitution.

Section 1443(1) entitles a defendant in a state court prosecution or civil action to remove to federal court only if he meets both of the following requirements: (1) that the right upon which he relies is a right under "any law providing for specific civil rights stated in terms of racial equality;" and (2) that he is denied or cannot enforce that right in the courts of Louisiana. *See State of Georgia v. Rachel*, 384 U.S. 780, 788 (1966); *Johnson v. Mississippi*, 421 U.S. 213, 219 (1975); *State of Texas v. Gulf Water Benefaction Co.*, 679 F.2d 85, 86 (5th Cir. 1982). "If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court *shall* make an order for summary remand." 28 U.S.C. § 1446(c)(4) (emphasis added).

After reviewing the notice and attached exhibits, this Court concludes that respondent has failed to demonstrate that the right upon which he relies is a right under a law providing for specific civil rights stated in terms of racial equality, as required under *Rachel*. Section 1443 "does not authorize removal to protect the broad guarantees of the constitution." *Miller v. Wade*, 420 F.2d 489, 490 (5th Cir. 1969). This includes the guarantees under the Equal Protection clause. *See State of New*

*Mexico v. Torres*, 461 F.2d 342, 343 (10th Cir. 1972) (affirming district court's remand when defendant removed under section 1443 based on non-racially related Equal Protection grounds); *Whitestone Savings and Loan Ass'n v. Romano*, 484 F. Supp. 1324, 1326 (E.D.N.Y. 1980) ("[a] generalized claim of deprivation of due process of law or equal protection is insufficient, however, to sustain removal" under section 1443). Respondent has merely asserted that his Due Process and Equal Protection rights have been violated. He has not alleged that his rights were violated under a law providing for specific civil rights stated in terms of racial equality. He has not alleged any sort of racial discrimination in his state attorney disciplinary proceedings.

Accordingly,

IT IS ORDERED, in accordance with 28 U.S.C. § 1446(c)(4), that this action be and is hereby remanded to the Louisiana Supreme Court.

New Orleans, Louisiana, this 5th day of May, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE