UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

AHMAD RAHEEM MUHAMMAD                      CIVIL ACTION

VERSUS                                     NO: 09-3431

LOUISIANA ATTORNEY                         SECTION: R
DISCIPLINARY BOARD, ET AL.


**ORDER AND REASONS**

Before the Court is Petitioner's motion for leave to appeal *in forma pauperis*. For the following reasons, Muhammad's motion is DENIED.


**I. Background**

On May 5, 2009, this Court denied Muhammad's motion for a temporary restraining order. (R. Doc. 5). Subsequently, Muhammad appealed the Court's decision to the Fifth Circuit Court of Appeals and moved that this Court stay its judgment pending the appeal. (R. Doc. 6, 7). On July 15, 2009, this Court denied Muhammad's motion to stay. (R. Doc. 9). On July, 21, 2009, the

Fifth Circuit dismissed Muhammad's appeal for failure to timely pay the docketing fee. (R. Doc. 10). Muhammad now files this motion for leave to appeal *in forma pauperis* and effectively eliminate the filing fee associated with his appeal. (R. Doc 12).

**II. Legal Standard**

28 U.S.C. § 1915 authorizes a court to allow a plaintiff to proceed in an appeal *in forma pauperis* when the person "submits an affidavit that includes a statement . . . that the person is unable to pay such fees or give security therefor." 28 U.S.C. § 1915. A court may dismiss the case at any time if it determines that "the allegation of poverty is untrue; or . . . the action or appeal . . . is frivolous or malicious; . . . fails to state a claim on which relief may be granted; or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e). A district court has discretion in deciding whether to grant or deny a request to proceed *in forma pauperis*. *Williams v. Estelle*, 681 F.2d 946, 947 (5th Cir. 1982) (per curiam). *See also Prows v. Kastner*, 842 F.2d 138, 140 (5th Cir. 1988) ("A district court has discretion, subject to review for abuse, to order a person to pay partial filing fees where the financial data suggests that the person may do so without suffering undue financial hardship."). Because the Court

determines that Muhammad has not sufficiently established his financial need, it does not here address the substantive issues raised by his appeal. *Watson v. Ault*, 525 F.2d 886, 890-91 (5th Cir. 1976) ("The only determination to be made by the court under § 1915(a), therefore, is whether the statements in the affidavit satisfy the requirement of poverty.") (citing *Campbell v. Beto*, 460 F.2d 765, 768 (5th Cir. 1972); *Lockhart v. D'Ursu*, 408 F.2d 354 (3d Cir. 1969)).

**III. Discussion**

The Court finds that Muhammad is economically ineligible to proceed *in forma pauperis*. The Court must inquire as to whether the payment of the fees or costs for Muhammad's appeal would cause an undue financial hardship. *Prows*, 842 F.2d at 140. *See also Walker v. Univ. of Tex. Med. Branch*, No. 1:08-CV-417, 2008 WL 4873733, at *1 (E.D. Tx. Oct. 30, 2008) ("The term 'undue financial hardship' is not defined and, therefore, is a flexible concept. However, a pragmatic rule of thumb contemplates that undue financial hardship results when prepayment of fees or costs would result in the applicant's inability to pay for the 'necessities of life.'" (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948))). In determining undue financial hardship, it is appropriate to consider a spouse's

income.[1]  *See, e.g., Montiel v. Wyndham Anatole Hotel*, No. 3.03-CV-1813-L, 2003 WL 22595820, at *1 (N.D. Tex. Nov 6, 2003) (denying request to proceed *in forma pauperis* where plaintiff and spouse had combined monthly income of $3360 and $700 in a bank account.); *Mann v. Frank*, No. 90-1122-CV-W-5, 1992 WL 219800, at *4 (W.D. Mo. Sept. 2, 1992) (considering income from both petitioner and husband); *Monti v. McKeon*, 600 F. Supp. 112, 114 (D. Conn. 1984) ("If the plaintiff is supported by her spouse, and her spouse is financially able to pay the costs of this appeal, it follows that the plaintiff's own lack of funds will not prevent her from gaining access to the courts.") (stating also that the plaintiff's affidavit was insufficient as a matter of law because of its internal inconsistencies.).  As reported by Muhammad, the combined income for himself and his spouse during the twelve months before filing this motion was $4400 per month, or approximately $52,800 per year.  Muhammad estimated monthly expenses at $1995 per month.  The filing fee that Muhammad seeks to avoid is $455.  5TH CIR. R. 3.  Comparing the income of Muhammad

---

[1] Where a petitioner's spouse maintains assets for which the petitioner has no independent legal claim and the spouse denies petitioner access to such assets, consideration of such assets in relation to financial hardship is excluded.  *Lee v. McDonald's Corp.*, 231 F.3d 456, 459 (8th Cir. 2000).  There is no indication that Plaintiff does not have access to his spouse's income in the present case.

4

and his spouse to Muhammad's stated expenses, it is evident that the imposition of this $455 fee will not prevent Muhammad from providing for the necessities of life, or otherwise present any undue financial burden.

The Court further notes that Muhammad's motion is incomplete. The form which Muhammad filed to submit his motion instructed him to "not leave any blanks" and advised him that "[f]ailure to fully answer the questions may result in a denial of the motion." The form required the movant to "[l]ist your spouse's employment history for the past two years, most recent employer first." Muhammad failed to complete this section. This omission is grounds to deny Muhammad's motion. *See Flippin v. Coburn*, 107 F. App'x 520, 521 (6th Cir. 2004) ("Because [petitioner] failed to provide information about his expenses, the district court was unable to determine whether he was indigent, and therefore, it properly denied his motion to proceed in forma pauperis."); *In re Stoller*, No. 887, 2008 WL 6556379, at *1 (Fed. Cir. Dec. 2, 2008) (denying *in forma pauperis* motion where petitioner failed to disclose income, employment, expenses, and cash available for petitioner and his spouse); *Chapman v. People of Illinois*, No. 08 C 6991, 2008 WL 5340129, at *1 (N.D. Ill. Dec. 15, 2008) (denying *in forma pauperis* motion where

petitioner failed to explain his past income and clarify ownership of certain property); *Brown v. Brown*, No. 3:08CV00173, 2008 WL 5085108, at *2 (E.D. Ark. Nov. 24, 2008) ("Because Plaintiff failed to complete each section of the form, the Court is unable to determine whether he qualifies for *in forma pauperis* status. Accordingly, Plaintiff's motion will be denied.").

In addition, Muhammad's motion is internally inconsistent. Muhammad stated that his average monthly salary for the year prior to the filing of his motion was $900; his spouse's, $3500. Yet, plaintiff listed only "incarcerated" under his employment history and reported only $250 in gross monthly pay. Even though Muhammad reported his spouse's earnings, he neglected to list any employment history whatsoever. Other incongruities also appear. For example, despite listing prior income totaling $4400 per month for the previous twelve months, Muhammad reports that he and his spouse have zero dollars in cash and no bank accounts. Similarly, although Muhammad reports that he and his spouse own no motor vehicles, Muhammad includes a monthly expense for motor-vehicle insurance of $70.

While an affidavit may on its face be sufficient to establish economic eligibility, Muhammad's affidavit fails to show the requisite financial need, is incomplete, and is

internally inconsistent. *See Watson*, 525 F.2d at 891. ("[W]here the in forma pauperis affidavit is sufficient on its face to demonstrate economic eligibility, the court should first docket the case and then proceed to the question . . . of whether the asserted claim is frivolous or malicious."). Muhammad's affidavit admits a combined monthly income of $4400 per month and monthly expenses of less than $2000 per month. This leaves $2400 of discretionary income from which Muhammad could pay the required court costs. The Court thus finds that Muhammad has failed to demonstrate the requisite financial need to proceed *in forma pauperis* on appeal.

**IV. Conclusion**

For the foregoing reasons Muhammad's motion for leave to appeal *in forma pauperis* is DENIED.

New Orleans, Louisiana, this 25th day of September, 2009.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE